1    PACIFIC COAST LAW GROUP
     MARK A. GOLOVACH (Cal. Bar No. 220760)
2    501 W. Broadway, Suite 800
     San Diego, California 92101
3    Telephone: 619/400-4895
     Facsimile: 619/684-3601
4

5    TRAVIS, CALHOUN & CONLON, P.C.
     ERIC G. CALHOUN
     1000 Providence Towers East
6    5001 Spring Valley Road
     Dallas, Texas 75244
7    Telephone: 972/934-4100
     Facsimile: 972/934-4101
8

9    *Attorneys for Plaintiff*
     *GINI CHRISTENSEN*

10

11

12            UNITED STATES DISTRICT COURT

13          SOUTHERN DISTRICT OF CALIFORNIA

14

15    GINI CHRISTENSEN, Individually and on    )   Civil Action No. **'11 CV 0236 BEN BLM**
     Behalf of All Others Similarly Situated,    )
16          Plaintiff,    )   **CLASS ACTION COMPLAINT**
                      )
17          vs.    )   **JURY TRIAL DEMANDED**
                      )
18    CARDTRONICS USA, INC.,    )
     CARDTRONICS, INC., and DOES 1-10,    )
19    inclusive,    )
                      )
20          Defendants.    )
                      )
21    _____ )

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

1   Plaintiff GINI CHRISTENSEN, individually, and on behalf of all others similarly situated

2   ("Plaintiff"), alleges upon knowledge with respect to herself and upon information and belief based,

3   in part, on the investigation of counsel, as follows:

4   ## I.    **PRELIMINARY STATEMENT**

5   1.    Plaintiff brings this action, individually and on behalf of all others similarly situated,

6   against Defendants (as defined in ¶14, *infra*) alleging violations of 15 U.S.C. § 1693 *et seq.*,

7   commonly known as the Electronic Fund Transfer Act (the "Act"), and 12 C.F.R. § 205 *et seq.*,

8   commonly known as Regulation E ("Regulation E"), which contains regulations promulgated by the

9   Board of Governors of the Federal Reserve System to implement the Act (the Act and Regulation E

10  shall hereinafter be collectively referred to as the "EFTA").

11  2.    The EFTA establishes the basic rights, liabilities, and responsibilities of consumers

12  who use electronic fund transfer services and of financial institutions that offer these services.  The

13  primary objective of the EFTA and Regulation E is the protection of consumers engaging in

14  electronic fund transfers. 12 C.F.R. § 205.1(b). The EFTA requires specific disclosures be given by

15  operators of any automated teller machine ("ATM") to users of an ATM, prior to the imposition of a

16  fee for using an ATM.  15 U.S.C. § 1693b.

17  3.    The Congressional findings and declaration of purpose regarding the EFTA provides:

18  (a)    Rights and liabilities undefined

19
20  The Congress finds that the use of electronic systems to transfer funds provides the potential for substantial benefits to consumers.  However, due to unique characteristics of such systems, the application of existing consumer protection legislation is unclear, leaving the rights and liabilities of consumers, financial
21  institutions and intermediaries in electronic fund transfers undefined.

22  (b)    Purposes

23
24  It is the purpose of this subchapter to provide a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund transfer systems.  The primary objective of this subchapter, however, is the provision of
25  individual consumer rights

26  4.    The EFTA specifically requires that an ATM ***must*** have a posted notice attached on

27  or at the machine informing consumers of the imposition of an ATM surcharge.  15 U.S.C. §

28  1693b(d)(3).

1      5.      This case is brought under the EFTA based upon the fact that Defendants have

2 imposed ATM fees on Plaintiff and other consumers without providing any posted notice as required

3 by the EFTA.

4      6.      Plaintiff, on behalf of herself and all others similarly situated, brings this class action

5 against Defendants based on Defendants' violation of the EFTA. Plaintiff seeks, on behalf of herself

6 and the proposed class, statutory damages, costs and attorney's fees, all of which are expressly made

7 available by statute. 15 U.S.C. § 1693m. Plaintiff does not seek actual damages.

8                 **II.**      **JURISDICTION**

9      7.      This Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337

10 and 15 U.S.C. 1693m(g) because this action arises under the Electronic Fund Transfers Act, 15

11 U.S.C. § 1693 *et seq.*

12      8.      Venue in this judicial district is proper under 28 U.S.C. § 1391 in that this is the

13 judicial district in which a substantial part of the events or omissions giving rise to the claims

14 occurred.

15                **III.**      **PARTIES**

16      9.      Plaintiff is a natural person who resides in Riverside County, California and used a

17 certain ATM owned and operated by Defendants (as defined in ¶14, *infra*), which ATM is located at

18 or about 1755 Hacienda Dr., Vista, California 92081 (the "Costco-Vista ATM"), within one year of

19 the filing of this Complaint, and was charged an ATM surcharge fee by Defendants at the Costco-

20 Vista ATM described in this Complaint.

21      10.     In addition to the Costco-Vista ATM, Defendants (as defined in ¶14, *infra*) also own

22 and operate at least one (1) additional ATM, which ATM is located at 26610 Ynez Rd., Temecula,

23 California 92591 (the "Costco-Temecula ATM"), and, within one year of the filing of this

24 Complaint, charged ATM surcharge fees at the Costco-Temecula ATM as described in this

25 Complaint, and did not have a posted fee notice on the Costco-Temecula ATM as alleged in this

26 Complaint (collectively, the Costco-Vista ATM and the Costco-Temecula ATM are sometimes

27 hereinafter referred to as the "Costco ATMs").

28 / / /

1    11.    Defendant CARDTRONICS USA, INC. ("Cardtronics USA") is a Delaware
2    corporation authorized and doing business in California, with its principal place of business located
3    at 3250 Briarpark Dr., Suite 400, Houston, Texas 77042.  Cardtronics USA is a subsidiary of
4    defendant CARDTRONICS, INC. ("Cardtronics").  Cardtronics USA owns and/or operates the
5    Costco ATMs.

6    12.    Defendant Cardtronics is a Delaware corporation doing business in California, with
7    its principal place of business located at 3250 Briarpark Dr., Suite 400, Houston, Texas 77042.
8    Cardtronics owns and/or operates the Costco ATMs.

9    13.    The true names and capacities of defendants sued herein as Does 1 through 10,
10   inclusive, are presently not known to Plaintiff, who therefore sues these defendants by such fictitious
11   names.  Plaintiff will seek to amend this Complaint pursuant to Federal Rule of Civil Procedure 15
12   and include the Doe defendants' true names and capacities when they are ascertained.  Each of the
13   fictitiously named defendants is responsible in some manner for the conduct alleged herein and for
14   the injuries suffered by Plaintiff and the proposed class as a result of defendants' wanton and illegal
15   conduct.

16   14.    Cardtronics USA, Cardtronics, and Does 1 through 10, inclusive, are collectively
17   hereinafter referred to as "Defendants."

18                      **IV.    BACKGROUND**

19   **A.    Electronic Funds Transfer Act**

20   15.    "Electronic funds transfer" is defined as "any transfer of funds . . . which is initiated
21   through an electronic terminal, telephonic instrument, or computer or magnetic tape so as to order,
22   instruct, or authorize a financial institution to debit or credit an account. Such term includes . . .
23   automated teller machine transactions . . . ." 15 U.S.C. § 1693a(6); *see also* 12 C.F.R. § 205.3(b).

24   16.    Defendants are an "automated teller machine operator" as that term is defined by 12
25   C.F.R. § 205.16(a), which states:  "Automated teller machine operator means any person that
26   operates an automated teller machine at which a consumer initiates an electronic fund transfer or a
27   balance inquiry and that does not hold the account to or from which the transfer is made, or about
28   which an inquiry is made."

1    17.    15 U.S.C. § 1693b(d)(3)(A) and (B), and the implementing regulation, 12 C.F.R. §

2    205.16(b) and (c), require an ATM operator who imposes a fee on a consumer for "host transfer

3    services" (an electronic fund transfer or a balance inquiry) to provide notice to the consumer of the

4    fee before the consumer is committed to the transaction.  Specifically, 12 C.F.R. § 205.16(b) states:

5          *General.*  An automated teller machine operator that imposes a fee on
           a consumer for initiating an electronic fund transfer or a balance
6          inquiry shall:

7          (1)    Provide notice that a fee will be imposed for providing
           electronic fund transfer services or a balance inquiry; and
8
           (2)    Disclose the amount of the fee.
9
10   18.    15 U.S.C. § 1693b(d)(3)(B), and its implementing regulation, 12 C.F.R. § 205.16(c),

11   specifies the notice to be provided to consumers.  12 C.F.R. § 205.16(c) states:

12         (c)    *Notice requirement.*  To meet the requirements of paragraph (b) of
           this section, an automated teller machine operator must comply with the
13         following:

14               (1)    *On the machine.*  Post in a prominent and conspicuous
                 location on or at the automated teller machine a notice that:

15                     (i) A fee will be imposed for providing electronic fund
16                     transfer services or for a balance inquiry; or

17                     (ii) A fee may be imposed for providing electronic fund
                       transfer services or for a balance inquiry, but the notice in this
18                     paragraph (c)(1)(ii) may be substituted for the notice in
                       paragraph (c)(1)(i) only if there are circumstances under
19                     which a fee will not be imposed for such services; and

20               (2)    *Screen or paper notice.*  Provide the notice required by
                 paragraphs (b)(1) and (b)(2) of this section either by showing it on the
21               screen of the automated teller machine or by providing it on paper,
                 before the consumer is committed to paying a fee.
22

23   19.    Pursuant to this regulation, the notice physically attached to the ATM must comply

24   with 12 C.F.R. § 205.16(c), either by stating that a fee will be imposed, or if there are circumstances

25   in which a fee will not be imposed, that a fee may be imposed.

26   20.    15 U.S.C. § 1693b(d)(3)(C), and its implementing regulation, 12 C.F.R. § 205.16(e),

27   provide that no fee may be imposed by an ATM operating in connection with any electronic fund

28   transfer initiated by a consumer for which a notice is required ***unless*** the consumer is provided the

- 4 -

1   notices required pursuant to 12 C.F.R. § 205.16(c).  Specifically, 15 U.S.C. § 1693b(d)(3)(C) states

2   in relevant part:

3           (C) **Prohibition on fees not properly disclosed and explicitly assumed by consumer.**  No fee may be imposed by any automated teller machine operator in connection with any electronic fund transfer initiated by a consumer for which a notice is required under subparagraph (A), unless – (i) the consumer receives such notice in accordance with subparagraph (B); and (ii) the consumer elects to continue in the manner necessary to effect the transaction after receiving such notice.

4

5

6

7

8   Similarly, 12 C.F.R. § 205.16(e) provides that:

9           (e) *Imposition of fee.*  An automated teller machine operator may impose a fee on a consumer for initiating an electronic fund transfer or a balance inquiry only if

10

11           (1)  The consumer is provided the notices required under paragraph (c) of this section, and

12

13           (2)  The consumer elects to continue the transaction or inquiry after receiving such notices.

14       21.    In connection with 2006 amendments to the EFTA, the Board of Governors of the

15   Federal Reserve published its Final Rule and official staff interpretation which, *inter alia*, explained

16   the EFTA's disclosure requirements as follows:

17           The final rule clarifies the ***two-part disclosure scheme established in Section 904(d)(3)(B) of the EFTA. The first disclosure, on ATM signage posted on or at the ATM, allows consumers to identify quickly ATMs that generally charge a fee for use. This disclosure is not intended to provide a complete disclosure of the fees associated with the particular type of transaction the consumer seeks to conduct.*** Until a consumer uses his or her card at an ATM, the ATM operator does not know whether a surcharge will be imposed for that particular consumer.  Rather, it is the second, more specific disclosure, made either on the ATM screen or an ATM receipt, that informs the customer before he or she is committed to the transactions whether, in fact, a fee will be imposed for the transaction and the amount of the fee....

18

19

20

21

22

23   71 F.R. 1638, 1656 (emphasis added).

24       22.    Thus, the statute and regulation require that a physical notice ***must*** be displayed

25   informing consumers that the ATM imposes a surcharge, and that the ATM screen must definitively

26   state that a fee will be imposed, before that fee is imposed.

27       23.    The EFTA imposes strict liability upon ATM operators that fail to comply with its

28   disclosure requirements. *See Burns v. First American Bank*, 2006 WL 3754820, *6 (N.D. Ill. Dec.

- 5 -

1    19, 2006).  A plaintiff seeking statutory damages under the EFTA need not prove that he or she

2    sustained any actual financial loss, or that he or she relied upon the lack of mandatory disclosure as

3    an inducement to enter into a transaction.  *Burns*, 2006 WL 3754820, *6 ("Section 1693b(d)(3)

4    prohibits an ATM operator from charging a fee unless it provides notice of its fee on the machine

5    and on the screen, period, no mention of a necessary scienter.")

6         24.     The notice referenced in 15 U.S.C. § 1693f has no arguable applicability to Plaintiff's

7    claims because, among other things, Plaintiff is not an account holder of Defendants.

8    **B.     Defendants' Conduct**

9         25.     Defendants are ATM operators regulated under the EFTA, 15 U.S.C. § 1693 *et seq.*

10    and 12 C.F.R. Part 205 (Regulation E), as that term is defined in 12 C.F.R. § 205.16(a).

11         26.     Defendants own and operate the Costco-Vista ATM located at 1755 Hacienda Dr.,

12    Vista, California 92081, and the Costco-Temecula ATM located at 26610 Ynez Rd., Temecula,

13    California 92591.

14         27.     The Costco ATMs permit consumers to perform electronic fund transfers, as defined

15    in 12 C.F.R. § 205.3.

16         28.     The Costco ATMs impose a fee on consumers who withdraw cash from the Costco

17    ATMs.

18         29.     Defendants failed to post on or at the Costco ATMs a notice that a fee will be

19    imposed for withdrawing cash or for a balance inquiry, resulting in Defendants' improper imposition

20    of a fee to Plaintiff and other users of the Costco ATMs.

21         30.     Defendants' failure to post the required notice on or at the Costco ATMs has resulted

22    in frequent and persistent non-compliance with the EFTA.  Said violations of the EFTA have

23    adversely affected hundreds or thousands of consumers.

24         31.     Despite knowing of the ATM fee notice provisions of the EFTA, Defendants have

25    violated the EFTA by failing to post the required ATM fee notice at the Costco ATMs and

26    improperly imposing ATM fees.

27    / / /

28    / / /

1    32.    Defendants' non-compliance with the ATM fee notice requirements of the EFTA, and

2  subsequent imposition of a fee on Plaintiff and the members of the proposed class, did not result

3  from a bona fide error.

4  **C.    Plaintiff's Electronic Funds Transfers With Defendants**

5    33.    Plaintiff is a consumer as defined in 12 C.F.R. § 205.2(e).

6    34.    In October 2010, Plaintiff used the Costco-Vista ATM described in this Complaint in

7  order to conduct an electronic funds transfer involving the withdrawal of cash.

8    35.    The Costco-Vista ATM did not and does not have the fee notice required by 15

9  U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16, as it did not have any sign affixed to it or in close

10  proximity to it informing consumers that use of the Costco-Vista ATM will or may result in an ATM

11  surcharge.

12    36.    Plaintiff was in fact assessed a $1.25 ATM surcharge fee for withdrawing cash from

13  the Costco-Vista ATM described in this Complaint.

14              **V.    CLASS ALLEGATIONS**

15    37.    Plaintiff brings this class action on behalf of herself and all other similarly situated

16  persons pursuant to Rule 23(a), (b)(1), (b)(3) of the Federal Rules of Civil Procedure. Plaintiff

17  hereinafter sets forth facts and allegations more specifically in support of her class action allegations.

18    38.    Plaintiff seeks to represent a class of similarly situated persons, consisting of (a) all

19  consumers (b) who initiated an electronic funds transfer at the Costco ATMs described in ¶¶9 and

20  10, *supra*, and (c) were assessed a fee for withdrawing cash from the Costco ATMs described in ¶¶9

21  and 10, *supra*, (d) on or after the date one year prior to the filing of this action and continuing

22  through the trial of this cause or until Defendants are compliant with the EFTA by posting the

23  appropriate notice (the "Class").

24    39.    Congress expressly intended that the EFTA would be enforced, in part, through

25  private class actions. 15 U.S.C. § 1693m(a).

26    40.    Plaintiff is informed and believes, and thereon alleges, that there are at minimum,

27  hundreds of members of the Class.

28  / / /

1    41.    The exact size of the Class and the identities of the individual members thereof are

2  ascertainable through Defendants' records. Defendants have exclusive control of this information.

3    42.    Members of the Class may be notified of the pendency of this action by techniques

4  and forms commonly used in class actions, such as by published notice, e-mail notice, website

5  notices, first class mail, or combinations thereof, or by other methods suitable to this Class and

6  deemed necessary and/or appropriate by this Court.

7    43.    Defendants can generate data for its Costco ATMs identifying each transaction in

8  which a fee was charged. The data will include the date of the transaction, the amount of the fee and

9  the personal account number ("PAN") for the consumer. The PAN includes a bank identification

10  number ("BIN"). This information can be used to identify members of the Class.

11    44.    The Class is sufficiently numerous to make bringing all parties before the Court

12  impractical pursuant to Rule 23(a)(1) of the Federal Rules of Civil Procedure.

13    45.    Plaintiff's claims are typical of the claims of the members of the Class. The claims of

14  the Plaintiff and members of the Class are based on the same legal theories and arise from the same

15  unlawful conduct. Plaintiff and Class members seek recovery of statutory, not actual, damages.

16    46.    Plaintiff and members of the Class were each users of the Costco ATMs since the

17  date one year prior to the filing of this action.

18    47.    Plaintiff and each member of the Class were illegally charged an ATM fee as a result

19  of Defendants' failure to comply with the ATM fee notice requirements of the EFTA, thereby

20  resulting in common questions of law and fact pursuant to Rule 23(a)(2) of the Federal Rules of

21  Civil Procedure.

22    48.    Plaintiff and each member of the Class received an inadequate notice regarding the

23  imposition of an ATM fee by the Costco ATMs.

24    49.    The questions of law and fact common to the Class predominate over questions which

25  may affect individual members, including:

26    (a)    Whether Defendants were at all relevant times during the class period
        automated teller machine operators which imposed a fee on consumers for
27        providing host transfer services to those consumers;

28    (b)    Whether Defendants are the operators of the Costco ATMs;

1          (c)     Whether Defendants complied, at all times during the class period, with the
notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16; and

2

3          (d)     Whether Plaintiff and members of the Class are entitled to statutory damages,
costs and attorney's fees for Defendants' acts and conduct.

4       50.    Plaintiff can and will adequately and vigorously represent and protect the interests of

5 the members of the Class.  Plaintiff has no interests antagonistic to the members of the Class.

6 Plaintiff has retained counsel able, competent and qualified to prosecute this class action litigation as

7 set forth in Rule 23(a)(4) of the Federal Rules of Civil Procedure.

8       51.    Plaintiff and Plaintiff's counsel will fairly and adequately protect the interests of the

9 Class.

10       52.    In support of Plaintiff's allegations pursuant to Rule 23(b)(3) of the Federal Rules of

11 Civil Procedure, the Plaintiff avers that a class action is superior to other available means for the fair

12 and efficient adjudication of the claims of the Class.  While the aggregate damages that may be

13 awarded to the members of the Class are likely to be substantial, the damages suffered by the

14 individual members of the Class are relatively small.  As a result, the expense and burden of

15 individual litigation makes it economically infeasible and procedurally impracticable for each

16 member of the Class to individually seek redress for the wrongs done to them.  Plaintiff does not

17 know of any other litigation concerning this controversy already commenced by or against any

18 member of the Class.  The likelihood of the individual members of the Class prosecuting separate

19 claims is remote.  Pursuant to Rule 23(b)(1)(A) of the Federal Rules of Civil Procedure

20 individualized litigation would also present the potential for varying, inconsistent, or contradictory

21 judgments, and would increase the delay and expense to all parties and the court system resulting

22 from multiple trials of the same factual issues.  In contrast, the conduct of this matter as a class

23 action presents fewer management difficulties, conserves the resources of the parties and the court

24 system, and would protect the rights of each member of the Class.  Plaintiff knows of no difficulty to

25 be encountered in the management of this action that would preclude its maintenance as a class

26 action.

27 ///

28 ///

## VI.   CLAIMS

**COUNT 1**
**Against All Defendants for**
**Violation of 15 U.S.C. § 1693 *et seq.* and 12 C.F.R. 205 *et seq.***

53.     Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

54.     Plaintiff asserts this claim on behalf of herself and the Class against Defendants.

55.     Defendants failed to provide notices to the Plaintiff and the Class as required by 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c), and imposed a fee in violation of 15 U.S.C. § 1693b(d)(3)(C) and 12 C.F.R. §§ 205.16(b) and (e).

56.     15 U.S.C. § 1693b(d)(3)(C), and its implementing regulation, 12 C.F.R. § 205.16(e), prohibit the imposition and receipt of a fee for conducting an electronic fund transfer unless a notice of the fee is posted in a prominent and conspicuous location on or at the ATM.

57.     Defendants imposed and received a fee in violation of 15 U.S.C. § 1693b(d)(3)(C), and its implementing regulation, 12 C.F.R. § 205.16(e).

58.     As a result of Defendants' violations of the EFTA, Defendants are liable to Plaintiff and the Class for statutory damages pursuant to 15 U.S.C. § 1693m.

59.     As a result of Defendants' violations of the EFTA, Plaintiff and the members of the Class are entitled to recover costs of suit and their reasonable attorney's fees.

### REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and the members of the Class, prays for:

A.      An order certifying the Class and appointing Plaintiff as the representative of the Class, and appointing undersigned counsel as Class Counsel;

B.      An award to Plaintiff and the members of the Class of statutory damages pursuant to 15 U.S.C. § 1693m;

C.      Payment of costs of suit herein incurred pursuant to 15 U.S.C. § 1693m(a)(3);

D.      Payment of reasonable attorney's fees pursuant to 15 U.S.C. § 1693m(a)(3); and

/ / /

/ / /

1       E.     For other and further relief as the Court may deem proper.

2                                  **JURY TRIAL DEMANDED**

3      Plaintiff hereby demands a trial by jury.

4 DATED:  February 3, 2011

5                                      MARK A. GOLOVACH

7                                 PACIFIC COAST LAW GROUP
501 W. Broadway, Suite 800
San Diego, California  92101
Telephone:  619/400-4895
Facsimile:  619/684-3601

10                             TRAVIS, CALHOUN & CONLON, P.C.
ERIC G. CALHOUN
1000 Providence Towers East
5001 Spring Valley Road
Dallas, Texas 75244
Telephone: 972/934-4100
Facsimile: 972/934-4101

*Attorneys for Plaintiff*
*GINI CHRISTENSEN*

CLASS ACTION COMPLAINT

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Gini Christensen, Individually and on Behalf of All Others Similarly Situated

**DEFENDANTS**

Cardtronics USA, Inc., Cardtronics, Inc., and Does 1-10, inclusive

**(b)** County of Residence of First Listed Plaintiff  Riverside
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Mark A. Golovach, Pacific Coast Law Group, 501 W. Broadway, Suite 800, San Diego, California 92101, 619/702-4895

Attorneys (If Known)

## '11 CV 0236 BEN BLM

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | | |
|---|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question (U.S. Government Not a Party) | |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity (Indicate Citizenship of Parties in Item III) | |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS—Third Party | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | 26 USC 7609 | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | | | Appeal to District |
|---|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment | |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. section 1693, et seq.; 12 C.F.R. section 205, et seq.

Brief description of cause:
Defendants' violation of the Electronic Fund Transfer Act and Regulation E

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:

**JURY DEMAND:**  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE
02/03/2011

SIGNATURE OF ATTORNEY OF RECORD
Mark A. Golovach

FOR OFFICE USE ONLY

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE